IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| CASEY PACE and BETTY PACE, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> BERKELEY COUNTY SCHOOL ) <br> DISTRICT; THE CITY OF GOOSE CREEK; ) <br> CONRAD SANDS STAYTON; SHELLY ) <br> LOVE OLLIC; and JOHN DOE, ) <br> ) <br> Defendants. ) <br> _____) | No. 2:23-cv-01519-DCN <br><br> **ORDER** |

This matter is before the court on plaintiffs Casey Pace and Betty Pace ("plaintiffs") and defendant City of Goose Creek's ("Goose Creek") joint motion to compel subpoena response. ECF No. 40. Exhibits filed in support of the motion show that on March 7, 2024, Goose Creek served two subpoenas on Foundations Counseling and Wellness Center, LLC ("Foundations"), seeking production of plaintiffs' medical records. ECF No. 42-1. Foundations is not a party to this case. On March 11, 2024, Foundations, via email, informed both plaintiffs' counsel and Goose Creek's counsel that it would not release patient records without either patient authorization or a court order. ECF No. 42-3. The parties then filed their joint motion to compel production of the records on April 9, 2024. ECF No. 40.

Those commanded to produce documents in response to a subpoena may object to the subpoena pursuant to Federal Rule of Civil Procedure 45(d)(2)(B). Objections must be made in writing and served either before the specified time of compliance or fourteen days after the subpoena is served, whichever is earlier. Fed. R. Civ. P. 45(d)(2)(B). Thus, Foundations's deadline for serving written objections in this case has passed. <u>See</u>

1

id.; ECF No. 42-1.  "Normally, failure to object timely waives any objection."  Williams v. Big Picture Loans, LLC, 303 F. Supp. 3d 434, 441 (E.D. Va. 2018); accord Wellin v. Wellin, 2014 WL 3496514, at *4 (D.S.C. July 14, 2014).  Moreover, the court is convinced that the benefits of the discovery sought in the motion outweigh any attendant burden of production.  See Va. Dep't of Corr. v. Jordan, 921 F.3d 180, 189–90 (4th Cir. 2019) (describing the "special weight" that must be considered when a subpoena is served on a nonparty).

For the foregoing reasons, the court **GRANTS** the joint motion to compel subpoena response.  Foundations shall produce the requested materials in a timely manner not to exceed fourteen (14) days from the date of this order.[1]

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**April 23, 2024**
**Charleston, South Carolina**

---

[1] In their joint motion, the parties request that the court limit the fees that Foundations is able to charge for production of the records.  ECF No. 40 at 2.  The court declines to rule on the appropriate fees at this time.  See Angell v. Kelly, 234 F.R.D. 135, 139 (M.D.N.C. 2006).  If fees associated with production are exorbitant, the parties may file another motion, and the court will consider the fees after the benefit of additional briefing on the issue.